Adam Y. Siegel (SBN 238568)
adam.siegel@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:   (213) 689-0430

Michael Y. Hsueh (SBN 286548)
michael.hsueh@jacksonlewis.com
JACKSON LEWIS P.C.
160 W. Santa Clara St., Suite 400
San Jose, California 95113-1708
Telephone:   (408) 579-0404
Facsimile:   (408) 454-0290

Attorneys for Defendant
CENTER FOR EMPLOYMENT OPPORTUNITIES, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LAWRENCE DREHER, on behalf of himself and all others similarly situated, and the general public,<br><br>        Plaintiff,<br><br>vs.<br><br>CENTER FOR EMPLOYMENT OPPORTUNITIES, INC., a New York corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1367, 1441, 1446, AND 1453**<br><br>[Filed concurrently with Adam Siegel and Sarah Glenn-Leistikow Declarations; Civil Case Cover Sheet; and Corporate Disclosure Statement]<br><br>State Complaint Filed: September 1, 2023 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND PLAINTIFF TEDDY DREHER:**

PLEASE TAKE NOTICE that Center For Employment Opportunities, Inc. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C.

Case No.:      1      NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

§§ 1332, 1367, 1441(a)-(b), 1446, and 1453, and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County Sacramento.

## JURISDICTION

1.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  It is a civil action filed as a putative class action in which Plaintiff is a citizen of a state different from Defendant, the Complaint's allegations place more than $5,000,000 in controversy exclusive of interest and costs, and the putative class numbers more than 100 members.  *See* 28 U.S.C. §§ 1332(d) and 1453. Furthermore, Defendant is not a State, State official, or other governmental entity.

## PLEADINGS

2.      On September 1, 2023, Plaintiff TEDDY DREHER ("Plaintiff") filed a civil Class Action Complaint for Damages against Defendant in the Superior Court of the State of California in and for the County of Sacramento, entitled *Teddy Lawrence Dreher v. Center For Employment Opportunities, Inc.*, Case No. 23CV007758, which sets forth the following causes of action: (1) Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); (2) Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); (3) Failure to Pay Hourly Wages and Overtime (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); (4) Failure to Pay Proper Reporting Time Wages; (5) Failure to Pay Proper Sick Pay (Lab. Code § 246); (6) Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); (7) Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203); (8) Failure to Indemnify (Lab. Code § 2802); and (9) Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq*.).  *See* Declaration of Adam Y. Siegel ("Siegel Decl.") at ¶ 2, Ex. A.

3.      Defendant was served with a copy of the Summons, Complaint and related court documents on October 2, 2023.  *Id.*  A copy of the Summons, Complaint and related court documents received by Defendant is attached to the Siegel Decl. as Exhibit "A."

4.      On October 27, 2023, Defendant filed its Answer to the Complaint in state court, asserting a general denial as permitted by California Code of Civil Procedure section 431.30(d) and various affirmative defenses.  A copy of Defendant's Answer is attached to the Siegel Decl. as "Exhibit B."

## TIMELINESS OF REMOVAL

5.      This removal has been filed within thirty (30) days after Defendant was served with a copy of Plaintiff's Summons and Complaint on October 2, 2023.  No previous Notice of Removal has been filed or made with this Court for the relief sought. Therefore, this Notice of Removal is filed within the time period provided by 28 U.S.C. § 1446(b) because it is being filed within the statutory deadline.

## NOTICE TO ALL PARTIES AND STATE COURT

6.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiff, and also filed with the Clerk of the Sacramento County Superior Court.  All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

## CLASS ACTION FAIRNESS ACT

7.      Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

8.      28 U.S.C. § 1332(d)(2) applies where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. *See* 28 U.S.C. § 1332(d)(5).

/ / /

Case No.:                                           3          NOTICE OF REMOVAL TO THE UNITED
                                                              STATES DISTRICT COURT FOR THE
                                                              EASTERN DISTRICT OF CALIFORNIA

## CAFA's Diversity Requirement Is Satisfied

9.     CAFA's diversity requirement is satisfied, in relevant part, when at least one member of a class of plaintiffs is a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2); *see also Snyder v. Harris*, 394 U.S. 332, 340, 89 S. Ct. 1053, 1059 (1969) ("if one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant and have nothing to fear from trying the lawsuit in the courts of their own State"); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) ("the citizenship of 'the entire plaintiff class' has no bearing on the jurisdictional inquiry. Diversity jurisdiction in a class action depends solely on the citizenship of the named parties"); *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 162 (2d Cir. 1987) ("It is hornbook law, based on 66 years of Supreme Court precedent, that complete diversity is required only between the named plaintiffs and the named defendants in a federal class action").

10.     Citizenship of the parties in this Action is determined by their citizenship status at the Action's commencement.  *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

11.     For diversity jurisdiction purposes, citizenship is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *see also Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).  While residence and citizenship are not the same, a person's place of residence is prima facie evidence of their citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons,* 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Furthermore, a person's intention to

Case No.:                              4                    NOTICE OF REMOVAL TO THE UNITED
                                                                        STATES DISTRICT COURT FOR THE
                                                                        EASTERN DISTRICT OF CALIFORNIA

remain may be established by their place of employment. *Youn Kyung Park v. Holder,* 572 F.3d 619, 625 (9th Cir. 2009); *see also Francisco v. Emeritus Corp*., 2017 U.S.Dist.LEXIS 90131, at *10 (C.D.Cal. June 12, 2017) ("Plaintiff's residence and employment in California are sufficient evidence of his intent to remain in California").

12. Plaintiff alleges that he is "an individual residing in the State of California." See Complaint ¶ 5. In addition, Defendant is informed and believes Plaintiff is a resident and citizen of the State of California. Based on a review of his personnel file, Plaintiff's residence is believed to be San Jose, California. See Declaration of Sarah Glenn-Leistikow in Support of Defendant's Notice of Removal ("Glenn-Leistikow Decl."), ¶ 5. Accordingly, Plaintiff is a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a). *See, e.g., Zavala v. Deutsche Bank Tr. Co. Ams.,* 2013 U.S. Dist. LEXIS 96719, at *9 (N.D. Cal. July 10, 2013) ("A party's residence is 'prima facie' evidence of domicile. In the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes") (internal citations omitted).

13. A corporation is a citizen of any state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c).

14. Defendant, both at the time this action was commenced and at the time it is being removed to federal court, is a citizen of the State of New York within the meaning of Section 1332(c)(1), because it has been at all such times a corporation formed under the laws of New York, with its principal place of business and corporate headquarters located in New York, New York, where Defendant conducts a predominance of its corporate and business activities. Moreover, most of Defendant's high-level corporate officers are located at its headquarters in New York, New York. *Hertz Corp. v. Friend*, 599 U.S. 77, 130 S.Ct. 1181 (2010). *See* Glenn-Leistikow Decl., ¶ 4.

15. Defendant's Board of Directors typically meets at its headquarters in New York, New York. Id.; see also *Hertz Corp.,* 130 S. Ct. at 1192 (holding that a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of

Case No.: 5 NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)"). Applying the "nerve center" test, New York is the state where Defendant's primary executive, administrative, financial and management functions are conducted and where most of its high-level officers direct, control, and coordinate the corporation's activities — i.e., the principal place of business of Defendant. See generally Id.

16. Because at least one member of the class of plaintiffs is a citizen of a state (i.e. California) different from Defendant (i.e. New York), minimal diversity exists here. *Bradford v. Bank of Am. Corp.,* No. CV 15-5201-GHK (JCx), 2015 U.S. Dist. LEXIS 120800, at *13 (C.D. Cal. Sep. 10, 2015) ("[defendant] needed only to establish that one plaintiff was a citizen of a different state from any one defendant at the time of removal"). Additionally, the entire class that Plaintiff seeks to represent are or were citizens of California. See Complaint, ¶¶ 11 (defining "Hourly Employee Class" (and its sub-classes), in part, as "All persons employed by Defendants…in hourly or non-exempt positions in California" and defining all other Classes, in part, as "All persons employed by Defendants in California…").

17. The presence of Doe defendants has no bearing on diversity with respect to removal. See 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded").

### **CAFA's Numerosity Requirement Is Satisfied**

18. CAFA also requires that "the number of members of all proposed plaintiff classes in the aggregate" exceeds 100, a standard that is satisfied. See 28 U.S.C. § 1332(d)(5).

19. Here, Plaintiff alleges that "[t]he class members are so numerous that individual joinder of each individual class member is impractical." See Complaint, ¶ 13. Based upon Defendant's records, the putative class includes approximately 6,924 current and former non-exempt employees who were employed by Defendant in California

Case No.:                                    6       NOTICE OF REMOVAL TO THE UNITED
                                                     STATES DISTRICT COURT FOR THE
                                                     EASTERN DISTRICT OF CALIFORNIA

between September 1, 2019 and September 1, 2023.  See Glenn-Leistikow Decl. at ¶¶ 6-7.  As such, this Court properly has jurisdiction over this matter, as there is diversity and the number of members of the class proposed by Plaintiff contains more than 100 members.  *See* 28 U.S.C. § 1332(d)(5).

### **CAFA'S Amount In Controversy Requirement is Satisfied**

20.    CAFA, 28 U.S.C. Section 1332(d), authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all Class Members exceeds $5,000,000. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014), the United States Supreme Court held that where a plaintiff's complaint is silent as to whether the amount in controversy is less than CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

21.    In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiff will prevail on each and every one of their claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").  The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969). Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007).

Case No.: _____  7  NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

22.    Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. See 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the amount in controversy requirement under CAFA should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly . . . .").

23.    Plaintiff does not allege a specific amount in damages for the class he purports to represent, but does indicate that he seeks damages in excess of twenty-five thousand dollars ($25,000). See Plaintiff's Civil Cover Sheet. Thus, the amount in controversy, as pled by Plaintiff, is at least $25,000 per plaintiff, or at least $173,100,000 ($25,000 x at least 6,924 approximated putative Class Members). See Glenn-Leistikow Decl. at ¶¶ 6-7; *see also Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 689 (9th Cir. 2006) (finding jurisdictional amount met where complaint sought no specific amount in damages, but pled the amount in controversy to exceed $25,000 and there were 1,160 class members). For this reason alone, CAFA's amount in controversy requirement is satisfied.

24.    But even were this insufficient to establish jurisdiction under CAFA (it is not), Plaintiff's Complaint still meets CAFA's amount in controversy requirement. If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot Travel Ctrs. LLC,*

NOTICE OF REMOVAL TO THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

2007 U.S. Dist. LEXIS 31515, at *12-13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.   Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line,* No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation— when those assumptions are reasonable in light of the allegations in the complaint"); *Coleman v. Estes Express Lines, Inc.,* 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation"); Arias v. Residence Inn, 936 F.3d 920, 922, 925 (9th Cir. 2019) (the removing defendant may rely on reasonable assumptions in estimating the amount in controversy, which "need not be proven").

25.    In *Dart Cherokee Basin Operating Company, LLC v. Owens,* the United States Supreme Court held that when the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000 "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."   135 S. Ct. 547, 554 (2014) (emphasis added). Following Dart, the Ninth Circuit confirmed "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements," and further that "when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Salter v. Quality Carriers, Inc.,* 2020 U.S. App. LEXIS 28364, *6-7 (9th Cir. Sep. 8, 2020) (citations and internal quotation marks omitted).

Further, "'[n]o 'antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Delaware, Inc.,* 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) quoting *Dart,* 135 S. Ct. at 554. On the contrary, courts are required to interpret CAFA's provisions broadly in favor of removal. *Jordan v. Nationstar Mortg. LLC,* 781 F.3d 1178, 1183-84 (9th Cir. 2015).

26. Without admitting that Plaintiff could recover or is entitled to any damages individually, let alone on a class wide basis, Defendant has a good-faith belief that Plaintiff's sought-after relief places the amount in controversy in this action in excess of $5,000,000, exclusive of interest and costs.

27. The Complaint herein seeks relief on behalf of a "Hourly Employee Class" and several Sub-Classes within the "Hourly Employee Class," including a "Meal Period Sub-Class," "Rest Period Sub-Class," Reporting Time Pay Sub-Class," and "Waiting Time Penalties Sub-Class." The Complaint defines the "Hourly Employee Class" as "[a]ll persons employed by Defendants…in hourly or non-exempt positions in California four years prior to the filing of this action and ending on the date that final judgment is entered in this action…" Complaint ¶ 11.

28. The Complaint also seeks relief on behalf of a "Sick Pay Class," defined as "[a]ll persons employed by Defendants in California who, at any time from four years prior to the filing of this action and ending on the date that final judgment is entered in this action, [who] worked more than 30 days for Defendants, and were not paid for at least one hour of sick time for every 30 hours of work thereafter, or at least 3 days of sick time for every 12-month period of employment," a "Wage Statement Class" defined as "[a]ll persons employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered," an "Expense Reimbursement Class" defined as "[a]ll persons employed by Defendants in California who incurred business expenses during the Relevant Time Period," and a UCL Class defined as "[a]ll Hourly Employee Class and Expense Reimbursement Class

Case No.:                                10                NOTICE OF REMOVAL TO THE UNITED
                                                                      STATES DISTRICT COURT FOR THE
                                                                      EASTERN DISTRICT OF CALIFORNIA

members employed by Defendants in California during the Four years prior to the filing of this action and ending on the date that final judgment is entered in this action." Id.

29. Plaintiff's Complaint does not limit the potential exposure as to any cause of action for any alleged Class Member. For example, Plaintiff's Complaint does not include any qualifying or limiting terms related to each alleged violation by Defendant, such as "sometimes," "at times," "regularly," et cetera. See generally, Complaint. This gives rise to a reasonable assumption by Defendant that Plaintiff has claimed that every alleged violation occurred during every shift worked by ever putative Class Member.

30. Plaintiff alleges inter alia, that "Defendants have failed to timely pay Waiting Time Penalties Sub-Class members all of their final wages in accordance with the Labor Code." Complaint ¶ 102.

31. Based on an analysis performed that uses an average rate of pay across the purported Class Members of $15.26 per hour, and taking as true for the purposes of this removal Plaintiff's allegations in the paragraph directly above, and even only assuming that 35% of the terminated employees are owed waiting time penalties (i.e. only 35% of the terminated employees are owed any amount of unpaid wages), the potential exposure for a claim under Labor Code section 203 equals $6,409,200 ($122.08 approximated daily rate x 30 days x 1,750 former employees). See Glenn-Leistikow Decl. at ¶¶ 6-7 (approximated average rate of pay of $15.26 an hour and at least 5,000 former employees from September 1, 2020 to September 1, 2023). *See e.g. Lucas v. Michael Kors (USA) Inc.,* No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *8 (C.D. Cal. May 9, 2018) ("Defendants may use reasonable assumptions in calculating the amount in controversy for purposes of removal"). This number does not even factor into the analysis any unpaid wages, unpaid overtime wages, unpaid meal and rest break premiums, or even penalties for inaccurate paystubs.

32. Therefore, assuming only 35% of the terminated employees were not paid all final wages, the amount in controversy exceeds the $5,000,000 threshold, even without taking into account Plaintiff's other claims.

Case No.:             11       NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

33. Additionally, Plaintiff's Complaint seeks an unspecified amount of attorneys' fees in connection with his Complaint. See, e.g., Complaint, Prayer for Relief, ¶ n. Such fees may be considered to determine jurisdictional amount, *see Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982), including those fees that are recoverable by statute, *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Indeed, the Ninth Circuit has held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Lucas v. Michael Kors (USA) Inc.,* 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) ("unaccrued post-removal attorneys' fees can be factored into the amount in controversy").

34. "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong v. Regis Corp.,* No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *see also Hamilton v. Wal-Mart Stores, Inc.,* No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Gutierrez v. Stericycle, Inc.,* No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims"); *Herrera v. Carmax Auto Superstores Cal., LLC,* 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark'

Case No.:                                12              NOTICE OF REMOVAL TO THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available").

35.     Accordingly, even using reasonable assumptions for only the claims discussed above, and even without taking into account the remaining claims, the $5,000,000 amount in controversy requirement is met.

## **VENUE IS PROPER**

36.     Venue of this action lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1441(a) and 1390(c) because this is the judicial district in which the state action is pending.

## **NO ADMISSION**

37.     Defendant does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor do they concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Sacramento to this Court.

DATED:  November 1, 2023                    JACKSON LEWIS P.C.


By: /s/ *Adam Y. Siegel*
     Adam Y Siegel
     Michael Y. Hsueh

     Attorneys for Defendant
     CENTER FOR EMPLOYMENT
     OPPORTUNITIES, INC.

4896-0303-1948, v. 1

| Case No.: | 13 | NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA |